IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Coffy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:22-3098-BHH |
| v. ) | |
| ) | **ORDER** |
| Carrie Fabel, ) | |
| ) | |
| Defendant.[1] ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael J. Coffy's ("Plaintiff") *pro se* complaint against Defendant Carrie Fabel ("Defendant" or "Fabel"), filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs related to Plaintiff's dialysis treatment. On October 31, 2023, Fabel filed a motion for summary judgment, to which Plaintiff filed a response on December 8, 2023, as well as additional documents on December 19, 2023, and Fabel filed a reply on December 15, 2023. (ECF Nos. 94, 106, 108, 111.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On June 3, 2024, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Fabel's motion for summary judgment. (ECF No. 125.) Plaintiff filed objections to the Report on June 17, 2024, and the matter is ripe for review.

**STANDARDS OF REVIEW**

**I.     Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine

---

[1] This caption reflects the current parties to this action; the other Defendants named in Plaintiff's complaint were dismissed on July 20, 2023. (ECF No. 70.)

dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-cv-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party, Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-cv-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), appeal dismissed sub nom. *Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25,

2018).

## II.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his Report, the Magistrate Judge thoroughly outlined the background of this case and construed the documents submitted by Plaintiff liberally when evaluating Plaintiff's claims against Defendant Fabel. (*See* ECF No. 125 at 2-4.) The Magistrate Judge also set forth the applicable law in detail and considered each of the parties' arguments in light of the applicable law and the evidence of record. (*Id*. at 8-14.) After carefully outlining Plaintiff's medical history, the Magistrate Judge found that, although treatment of Plaintiff's renal disease is a serious medical condition, Plaintiff failed to demonstrate that Defendant Fabel acted with deliberate indifference to Plaintiff's medical care as to his medical treatment. (*Id.* at 17.) According to the Magistrate Judge, Plaintiff failed to demonstrate that Defendant's conduct was "objectively unreasonable" because Plaintiff failed to produce evidence showing that Defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed." (*Id.* at 17-18 (quoting *Short v. Hartman*, 87 F.4th 593, 606, 611 (4th Cir. 2023)).

3

First, the Magistrate Judge explained that Plaintiff's allegations concerning the nuances of the specific care he received (or did not receive) do not rise to the level of a deliberate indifference claim under the Fourteenth Amendment claim. As the Magistrate Judge also noted, this Court has already dismissed such medical negligence claims from this action. (*See* ECF No. 70 at 5.)

Second, as to Plaintiff's constitutional claims, the Magistrate Judge found that Defendant's sworn affidavit and the medical records provided by Defendant support Defendant's position, whereas Plaintiff failed to offer any evidence to support his claims other than relying on the allegations in his complaint. In other words, the Magistrate Judge found Plaintiff's arguments legally insufficient to overcome Defendant's properly supported motion for summary judgment.

The Magistrate Judge specifically considered the arguments raised by Plaintiff, such as (1) his claim that Defendant placed him on a faulty dialysis machine, which claim the Magistrate Judge found unsupported by any evidence; and (2) his claims that he suffered chest pain due to the allegedly faulty machines and fell into unconsciousness during dialysis, which claims the Magistrate Judge also found unsupported by the evidence. As to these latter claims, the Magistrate Judge explained that Plaintiff offered no evidentiary support to show that faulty dialysis machines caused him to experience chest pain and other issues, whereas the medical records submitted by Defendant showed that medical staff believed his chest pain may be due to Plaintiff's refusal to take medication. The Magistrate Judge also explained that Plaintiff failed to produce evidence to show that his loss of consciousness was due to any deliberate indifference on the part of Defendant, noting that Plaintiff's own allegations show that when he lost consciousness, Defendant

took immediate steps to treat him.  Additionally, the Magistrate Judge found that Defendant's alleged improper placement of needles during Plaintiff's dialysis treatment does not demonstrate deliberate indifference, noting that Plaintiff concedes that Defendant made adjustments when he complaint about the issue.  Lastly, as to Plaintiff's claim that he was misdiagnosed as diabetic, the Magistrate Judge considered the documents submitted by Plaintiff showing that he is not diabetic but ultimately found that this issue failed to demonstrate a claim for deliberate indifference, as Plaintiff failed to show that it was Defendant who misdiagnosed him as diabetic.

In his written objections to the Magistrate Judge's Report, Plaintiff merely reiterates his arguments and rehashes his claim that Defendant was deliberately indifferent to his serious medical needs.  Without pointing to evidence to support his arguments, Plaintiff repeats his claims that Fabel imposed "unnecessary wanton infliction of pain"; that she "did in fact know that there was a substantial risk to [his] health"; and that "she did consciously disregard that risk."  (ECF No. 127 at 1.)  Plaintiff further contends that Fabel knew the dialysis machines had operational difficulties because she requested new machines, but Plaintiff states that she should have requested new machines sooner.  Plaintiff also repeats his assertion that he has never been diagnosed as diabetic and his claim that Fabel removed more fluids than necessary.  In all, Plaintiff asserts that Fabel should be taken to trial and that she should be stopped from treating patients.  Importantly, however, as noted above, Plaintiff does not offer any evidence to support his claims or to create a genuine issue of material fact.

Accordingly, after *de novo* review, the Court finds Plaintiff's objections entirely unavailing.  First, as the Magistrate Judge explained, to the extent Plaintiff's claims allege

medical negligence, the Court has already dismissed such claims and such allegations do not support a constitutional claim.  Next, as to Plaintiff's constitutional claim, the Court fully agrees with the Magistrate Judge that Plaintiff has failed to offer evidence sufficient to survive Defendant's properly supported motion for summary judgment.  For example, Plaintiff has not offered evidence to support his assertion that dialysis machine number 15 was faulty, as the statement of fellow inmate Simmons is not sworn; moreover, Plaintiff has not offered evidence to show he was forced to use this machine.  Rather, as the Magistrate Judge explained, the record shows that Plaintiff refused to use this machine a number of times and was allowed to refuse treatment on this machine, with Defendant documenting Plaintiff's refusals and his complaints about the machine.

In all, the Court finds that Plaintiffs objections merely recite his allegations but do not point to specific facts or evidence to create a genuine issue for trial.  As the Magistrate Judge concluded:

> Plaintiff's assertions at most demonstrate negligence, which are not cognizable under § 1983.  As one court has noted, "[e]ven assuming, *arguendo*, that Plaintiff's dialysis treatment was somehow deficient or differed from the treatment plans other caregivers would have pursued, or that Plaintiff would have preferred, these assertions alone are insufficient to generate a dispute of material fact regarding Plaintiff's claims of deliberate indifference."  *Christopher v. Brock*, No. 1:06-cv-133, 2008 WL 649233, at *10 (S.D. Ga. Mar. 10, 2008).  The evidence in the record before the Court shows that Plaintiff continued to receive regular dialysis treatments, received his medications, and was able to see medical professionals when needed and/or requested.  The evidence in the record further shows that Plaintiff was permitted to discontinue treatment when he was uncomfortable with it and that he routinely terminated his dialysis treatment and refused to take prescribed medication.

(ECF No. 125 at 22-23.)  Importantly, nothing in Plaintiff's objections leads this Court to reach a different conclusion.

**CONCLUSION**

Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 127); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 125); and the Court grants Defendant Fabel's motion for summary judgment (ECF No. 94).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 29, 2024
Charleston, South Carolina